## APPEAL OF BROADWAY SAVINGS TRUST CO.

Docket No. 2039.   Submitted June 2, 1925.   Decided September 30, 1925.

*Wm. D. Harris, Esq.*, for the taxpayer.

*A. H. Murray, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1919 in the sum of $1,881.45, the Commissioner having refused to allow as a deduction in that year the book value of a certain bond as a bad debt.

### FINDINGS OF FACT.

1. The taxpayer is a Missouri corporation with its principal place of business at St. Louis.   At all times herein mentioned it was engaged in a general banking and trust business.

2. On or about the 19th day of November, 1912, the taxpayer in the course of its business purchased a bond or note of the Allegheny Improvement Co., of the face value of $10,000, for the sum of $9,500. On January 2, 1917, this bond was deposited with the Mercantile Trust Co. of St. Louis, and a trust certificate of the face value of $10,000 was issued for the same, which certificate is now held by the taxpayer.

3. At the beginning of the year 1919 this trust certificate was carried on the books of the taxpayer at a depreciated value of $4,500. On recommendation of the Clearing House Association of St. Louis, the book value of this asset was further reduced in 1919 as follows: On January 22 to $4,000, July 26 to $3,000, August 26 to $2,000, and on December 17, 1919, it was entirely eliminated as an asset.

4. The original bond or note purchased by the taxpayer was one of a series issued by the Allegheny Improvement Co., with whom all the stock and bonds of the Missouri & North Arkansas Railroad were deposited as collateral. This came about as follows: The St. Louis & North Arkansas Railroad Co. defaulted in interest on its bonds in 1906. The bondholders foreclosed and became the owners of the railroad properties. The Allegheny Improvement Co. was organized to finance and construct extensions of this railroad and issued $6,000,000 collateral trust notes for that purpose. All the mileage constructed and to be constructed was pledged as collateral. The name of the St. Louis & North Arkansas Railroad Co. was changed to Missouri & North Arkansas Railroad Co. The Allegheny Improvement Co. defaulted the interest on the notes in 1909 and the principal on October 1, 1911. In the spring of 1912 the railroad company went into bankruptcy and thereafter was operated under a receivership. About the year 1916 the holders of the Allegheny Improvement Co. notes foreclosed and purchased the stock and bonds of the railroad at a foreclosure sale. The former holders of the Allegheny Improvement Co.'s notes, including the taxpayer, became the owners pro rata of the stock and bonds of this railroad in the proportion that the face value of their notes bore to $6,000,000. The Mercantile Trust Co. of St. Louis acted as trustee for the holders of these notes. The stock and bonds were deposited with this trust company and certificates evidencing beneficial interests were issued to the owners of the collateral trust notes of the Allegheny Improvement Co. The taxpayer thus became the owner of certificate No. 53, having a face value of $10,000, which is the so-called bond involved in this appeal.

The railroad continuously lost money during the receivership. It became necessary to issue large amounts of receiver's certificates which had priority over all other securities. Such certificates were outstanding in the amount of more than $1,000,000 at the end of

1919, and in 1922 amounted to $1,970,000. In the year 1922 the holders of the receiver's certificates foreclosed and received only 71 cents on the dollar, leaving nothing for the holders of the other securities. Since its organization the railroad has paid no interest on its bonds or dividends on its stock.

5. Subsequent to the year 1919 the taxpayer, with others, filed suit against the directors of the Missouri & North Arkansas Railroad Co. to recover on the certificate in question, but said suit resulted adversely to them in the year 1922.

6. In the year 1919 an examiner of the Clearing House Association, of which the taxpayer was a member, recommended that the trust certificate here in question be written off its books as a loss. The taxpayer investigated the value of this certificate by communicating with the receiver, the trustee, and other persons familiar with those securities and, as a result of information so obtained, followed the recommendation of the Clearing House Association and prior to the end of the year 1919 charged off its remaining book value as a worthless debt and deducted the same from its gross income for that year. The Commissioner refused to allow this deduction as a loss for the year 1919. He determined a deficiency for the year 1919 in the sum of $1,881.45, and for the year 1920 an overassessment of $886.98, or a net additional tax of $994.47.

DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.